# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| LEONARD BROWN, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:99-CV-74  WDO |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:91-CR-71-WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## ORDER DENYING COA

Before the Court is Petitioner Brown's Motion for Certificate of Appealability, from this Court's Order of May 30, 2006, (Document- 138) denying his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (Document- 82).

The record reveals that in March of 1992, Petitioner Brown entered into a Plea Agreement with the Government and pled guilty to Count Four of a four count indictment, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  (Document-39, 40).  He was sentenced by this court to 250 months imprisonment on July 16, 1992. (Document-49).

On April 21, 2006, a Report and Recommendation that Petitioner's Motion be denied on the merits was filed. (Document- 136).  Petitioner was informed of his right to file objections to the Recommendation, to be filed no later than May 11, 2006. Petitioner thereafter filed objections on May 11, 2006. (Document- 137).  On May 30, 2006, the District Judge adopted the Report and Recommendation. (Document- 138).

Under the AEDPA, a petitioner must obtain a COA before he can appeal the denial of a § 2255 motion.  *See* 28 U.S.C. § 2253(c)(1)(B).  The COA must indicate specific issues for which the

appellant "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2),(3).  "The entire point of § 2253's COA requirement is to eliminate those appeals that have little or no merit, thereby preserving judicial resources.  *See Miller-El v. Cockrell,* 537 U.S. 322, 337, 123 S.Ct. 1029, 1040 (2003) ("By enacting [the AEDPA COA requirement]   . . . Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not.")." *Thomas v. Crosby,* 371 F.3d 782, 785 (11th Cir. 2004).

A review of his application seeking a Certificate of Appealability reveals that Petitioner Brown has merely re-asserted the claims raised in his Supplemental/Amended § 2255 Motion (Document- 130).  Those claims were found to be meritless, therefore, Petitioner has made no substantial showing of the denial of any constitutional right under section 2253(c), or that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.  Petitioner Browns' Application  For Certificate of Appealability, as well as his Motion to proceed *in forma pauperis,* are DENIED.

**SO ORDERED,** this 13th day of June 2006.

S/
**WILBUR D. OWENS, JUDGE**
**UNITED STATES DISTRICT COURT**